In related child neglect proceedings pursuant to Family Court Act article 10, the mother appeals, as limited by her brief, from so much of an order of the Family Court, Westchester County (Recine, Ct. Atty. Ref.), dated November 15, 2012, as, after a permanency hearing held on October 19, 2012, approved the permanency goal of adoption as to Kelsey N.-C.
Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Westchester County, for further proceedings, if still necessary, pursuant to this Court’s determination in Matter of Dashawn N. (Youvonne N.) (101 AD3d 1013 [2012]).
In a December 19, 2012, decision and order on the mother’s appeals from certain determinations made by a court attorney referee following a May 4, 2012, permanency hearing, this Court reversed the orders appealed from, granted the mother’s motion to vacate the determinations on the ground that she was denied her rights to counsel and due process, and remitted the matter to the Family Court, Westchester County, for a new hearing before a different court attorney referee and a new determination regarding the permanency goal for Kelsey N.-C. (see Matter of Dashawn N. [Youvonne N.], 101 AD3d 1013 [2012]). Before this Court’s decision and order was released, however, the same court attorney referee issued an order dated November 15, 2012, approving the permanency goal of adoption for Kelsey N.-C, and the mother now appeals from that order.
As the mother correctly contends, since the November 15, 2012, order was decided by the same court attorney referee who issued the orders that were reversed on the prior appeal, and who was removed from the case by this Court’s December 19, 2012, decision and order based on her denial of the mother’s rights to counsel and due process, the order must be reversed insofar as appealed from and the matter must be remitted to *641 the Family Court, Westchester County, for further proceedings, if still necessary, pursuant to this Court’s determination in Matter of Dashawn N. (Youvonne N.) (101 AD3d 1013 [2012]).
The mother’s remaining contention, regarding the alleged ineffective assistance of counsel she received during the proceeding to terminate her parental rights as to the child Nicholas N., is not properly before this Court on this appeal from the order dated November 15, 2012. Mastro, J.E, Dillon, Angiolillo and Chambers, JJ., concur.